UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN MACPHERSON THOMAS,

Plaintiff,

-against-

SABRINA SHROFF,

Defendant.

21-CV-0450 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently held in the Metropolitan Correctional Center, brings this *pro se* action alleging that Defendant has violated his rights in his ongoing criminal case in this court before Judge Edgardo Ramos. *See United States v. Thomas*, No. 12-CR-0626-5 (S.D.N.Y. sentencing adjourned until March 10, 2021). By order dated February 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

On August 22, 2014, a jury found Plaintiff guilty of conspiracy to commit robbery, robbery, murder through use of a firearm related to a crime of violence, and use of a firearm

during and in relation to a crime of violence. *See* ECF 1:12-CR-0626-5, 146 (S.D.N.Y. Aug. 25, 2014).

Plaintiff now brings this action against Defendant, an attorney who was appointed to represent him in January 2020, alleging that she has failed to provide him with effective assistance of counsel. Plaintiff alleges that he has been trying to "get sentence[d]" for his conviction for six years. (ECF No. 2, at 4.) He has told Defendant "numerous times" that he wants to be sentenced, but Defendant is "using COVID as an excuse" to tell Plaintiff that the court is closed. (*Id.*) Plaintiff alleges that he has seen multiple inmates being sentenced by video, including other inmates with cases before Judge Ramos, and asserts that he should be sentenced by video hearing as well. According to the docket in Plaintiff's criminal case, a sentencing hearing is currently scheduled for March 10, 2021. *See* ECF 1:12-CR-0626-5, 450.

Plaintiff alleges that he suffers anxiety attacks and cannot sleep. He seeks $1 million in damages and requests to be sentenced in his criminal case.

## DISCUSSION

### A. Claims for money damages

Because Plaintiff asserts that Defendant has violated his constitutional rights, the Court construes his claims for money damages as arising under 42 U.S.C. § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v.*

*Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendant Sabrina Shroff is a private party who does not work for any state or other government body, Plaintiff has not stated a claim for money damages against this defendant under § 1983.

**B. The Court will not intervene in Plaintiff's federal criminal proceedings**

To the extent Plaintiff seeks injunctive relief in the form of an order directing his sentencing in his criminal case, the Court will not intervene in those proceedings under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger v. Harris*, the Supreme Court held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances. Many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin federal prosecutions. This extension relies on one basis of *Younger*'s holding: federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. As the Supreme Court stated in an earlier case:

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of

> constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US 157, 163 (1943). Accordingly, when asked to intervene in pending federal criminal proceedings, courts have inevitably refused. *See, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Barnes v. Salina*, No. 18-CV-6060, 2018 U.S. Dist. LEXIS 19421, at *1-3 (W.D.N.Y. Feb. 5, 2018) (dismissing petition under § 2241 that sought release from custody and dismissal of pending federal criminal charges: "While *Younger* involved a case where a federal court was asked to interfere in a pending state criminal prosecution, its equitable principles apply where federal courts are asked to interfere in a federal criminal action."); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017) ("Because there are adequate remedies available to [Petitioner] within the underlying criminal proceedings to address the issues raised in his Complaint, the application for an injunction is properly dismissed.") (citation and internal quotation marks and alterations omitted); *Campbell v. Chase Nat'l Bank*, 5 F. Supp. 156, 167 (S.D.N.Y. 1933), *aff'd*, 71 F.2d 671 (2d Cir. 1934) (dismissing suit against United States Attorney, which sought to enjoin prosecution of indictment: "Campbell has raised the constitutional question here involved in the criminal case by his demurrers, and that question can be decided as well there as on the equity side of the court. Campbell has, therefore, an adequate

remedy at law – that it may not be such an agreeable remedy from his point of view is beside the point.”).

As Plaintiff asks this Court to intervene in a pending criminal matter before Judge Ramos, in which Plaintiff is represented by counsel, the Court concludes that the *Younger* doctrine applies, declines to intervene, and dismisses the complaint on this basis.

**C. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff’s complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the complaint for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and as barred by the *Younger* abstention doctrine.

SO ORDERED.

Dated: February 19, 2021
New York, New York

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.